### BRUNSON v. MASSENBERG, treasurer.

Under the Penal Code, § 798, par. 7, a solicitor-general having in his hands at the spring term of a superior court, after paying all insolvent costs due to himself and the other officers of court, a balance of a fund arising from fines and forfeitures, is not required to pay such balance into the treasury of the county until the next succeeding fall term of such court.

Submitted March 1, — Decided April 3, 1902.

Disposition of fines.　Before Judge Felton.　Bibb superior court.　July 22, 1901.

*Hardeman, Davis, Turner & Jones*, for plaintiff in error.

FISH, J. The bill of exceptions in the present case presents but a single question, viz., whether a solicitor-general having in his hands at the spring term of a superior court, after paying all insolvent costs due to himself and the other officers of court, a balance of a fund arising from fines and forfeitures, is required to pay such balance into the treasury of the county, or may retain it in his hands until the following fall term. The judge of the court below held the former of the two alternatives to be the law, and, in our opinion, erred in so deciding. The Penal Code, § 798, enumerates the

special duties of solicitors-general, and in paragraph 7 provides that they shall collect all moneys arising from fines and forfeited recognizances, etc., and at the fall term of each court, every year, shall settle with the county treasurer and pay over to him all moneys due him, according to law, after a fair and full settlement. Nowhere else does the law prescribe the time when the solicitor must make a settlement, and it would therefore seem that this section definitely expresses the legislative intent upon the subject. Of course a solicitor-general may, if he sees fit, settle with the treasurer at each term of court; but if, on the other hand, he should choose to retain in his hands until the fall term each year the moneys collected by him by virtue of his office, there is no legal way to compel him to do otherwise.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*